LOUIS A. RAUM, Respondent, *v.* GOTTLIEB EYERMANN, Appellant.

### June 19, 1876.

1. Evidence may be introduced to show that the date of a judgment is erroneously entered on the docket of a justice of the peace.
2. Where an appeal was taken on the day judgment was entered, but by mistake of the justice the judgment was entered as if rendered two days before the appeal, and leave was granted in the Circuit Court to have the certificate of the justice made to conform with the facts, it is error to dismiss the appeal for want of prosecution until the cause has been regularly reached for trial in the order of the docket, and an opportunity given to appellant to show the true date of the judgment.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

*Laughlin*, for appellant.

*A. J. Quigley* and *André & Morris*, for respondent, cited : Wag. Stat. p. 847, sec. 3, p. 850, sec. 21 ; Hayton *v.* Hope, 3 Mo. 53 ; Piffen *v.* Millington, 3 Mo. 418 ; City *v.* Bird, 31 Mo. 88 ; Fanning *v.* Voelker, 39 Mo. 120.

BAKEWELL, J., delivered the opinion of the court.

This was an action on a promissory note for $200, instituted in the city of St. Louis, before a justice of the peace. The transcript filed in the Circuit Court shows judgment rendered before the justice, against defendant, on September 10, 1874, and an appeal perfected September 12th. On

December 9, 1874, plaintiff, by attorney, appeared in the Circuit Court and obtained an affirmance for want of prosecution—no notice of appeal having been given. At the same term defendant moved to set aside the judgment of affirmance, and, in support of his motion, filed an affidavit setting forth that the justice had falsely certified that judgment was rendered on September 10th; that judgment before the justice was in fact rendered on September 12th, the day the appeal was taken, and that no notice of appeal was, therefore, required by law. On January 23, 1875, the Circuit Court sustained this motion, and made an order that defendant " have leave to have the certificate of the judgment of the justice corrected, and made to conform to the facts." No correction was made, and, on February 12th, plaintiff again had said judgment of the justice affirmed in the Circuit Court on motion, without any notice to the appellant, and, on the same ground as before. Defendant then filed a new motion to set aside this affirmance, and filed an affidavit setting out the facts before set forth, and also that, at the time the former order that defendant have leave to have the transcript amended was made, the term of office of Justice Jecko, by whom the judgment had been rendered, had expired, and that neither he, nor his successor, nor any other person, had power to make the correction. This motion to set aside the affirmance was overruled, and, a motion for a new trial having been filed and overruled, the cause is brought here by appeal.

Had the proper application been made in time, and before the expiration of Justice Jecko's term of office, the Circuit Court—being satisfied that the return of the justice was essentially erroneous—could have compelled him by rule, and attachment if necessary, to amend the same. It would have been an exercise of no more than appropriate diligence on the part of appellant to examine the entry before the appeal was perfected, or at least to examine the transcript as soon as filed in the Circuit Court. He did not at any

time apply for a rule on the justice, and, after the expiration of his term of office, it would, perhaps, have been useless to do so.

But the court having granted leave to have the certificate of the justice amended, we think it was error to affirm the judgment on motion before the cause had been reached for trial in its regular course on the docket. By granting leave the court recognized the probability of material error in the entry of the justice. If, in point of fact, the judgment was entered on the same day that the appeal was perfected, the plaintiff was entitled to no notice of appeal, and defendant was not in default for not having given such notice. The copies of proceedings before justices of the peace, regularly certified, are the proper evidence of what the law requires to be written therein, and the record is, generally speaking, the only proper evidence of the judicial acts of a court. But the transcript of the docket entry of a justice does not import absolute verity, and the testimony of the justice himself might have been taken as to the correctness of the date of the entry of the judgment. If, when the cause was reached for trial in its regular course, the appellant could show by the justice himself, or by testimony otherwise satisfactory, that there was a mistake in the entry of judgment, and that it was in fact rendered on the day of the appeal, then the judgment should not be affirmed for want of notice, and appellant should have been granted an opportunity of making such proof.

We are of opinion that the court erred in dismissing the appeal on motion, without giving to appellant an opportunity of introducing testimony as to the question of the true date of the entry of this judgment, and for this error the judgment of the Circuit Court is reversed and the cause remanded, to be proceeded with in accordance with this opinion. All the judges concur.